IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CANOPIUS US INSURANCE, INC.,** § | |
| § | |
| VS. § | C.A. No.: 4:13-CV-01624 |
| § | |
| **TOM WYATT D/B/A BLUE OCEAN** § | |
| **CLUB A/K/A CLUB ICU, DEBRA AND** § | |
| **CURTIS STEWARD, INDIVIDUALLY** § | |
| **AND AS REPRESENTATIVES OF** § | |
| **THE ESTATE OF CURTIS STEWARD** § | |
| **III, AND KIMBERLY KIBBLE AS** § | |
| **NEXT FRIEND OF C.S. AND L.S.,** § | |
| **MINORS** | |

### DEFENDANT DEBRA STEWARD'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, **DEFENDANT DEBRA AND CURTIS STEWARD, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF CURTIS STEWARD III, AND KIMERLY KIBBLE AS NEXT FRIEND OF C.S. AND L.S., MINORS** and would show the Honorable Court as follows:

### I.   STATEMENT OF NATURE AND STAGE OF PROCEEDING

This is a declaratory judgment action concerning whether Plaintiff, Canopius US Insurance, Inc. has duty to defend and indemnify Defendant Tom Wyatt d/b/a Blue Ocean Club a/k/a Club ICU against claims asserted by Defendant Debra and Curtis Steward, the Estate of Curtis Steward III, and Curtis Steward III's two minor children after a club shooting. This case was filed June 3, 2013 and is scheduled for trial on October 2014.

### II.   ISSUES TO BE DECIDED

The Court is respectfully asked to decide the followings issues:

a. Whether Canopius US Insurance, Inc. owes a duty to defend and indemnify Defendant Tom Wyatt against claims asserted by Defendant Steward and his minor children?

### III.   SUMMARY JUDGEMENT EVIDENCE

Exhibit A – Canopius US Insurance, Inc. Policy No. OUS011002129 – *See* Filing Document 1-4 for complete policy.

Exhibit B – Steward Original Petition in the Underlying Action.

Exhibit C – Wyatt Original Answer in the Underlying Action

Exhibit D - Deposition Excerpt for Tom Wyatt.

Exhibit E - Canopius Responses to Requests for Admissions

### IV.   STATEMENT OF UNDISPUTED MATERIAL FACT

a. **The Canopius Policy**

Canopius issued Commercial General Liability policy No. OUS011002129 to Defendant Tom Wyatt effective August 14, 2012. to August 14, 2013. *See* Exhibit A - (the "Policy"). The application for insurance was submitted by Patriot Agency to Plaintiff.

b. **The Underlying Action.**

On April 2013, Steward filed an action styled *Debra Steward et. al. v. Tom Wyatt, et al.*, Cause No 2013-20131 in the 125th District Court of Harris County, Texas ("Underlying Action"). Steward sued Wyatt under theories of Negligence, Gross Negligence and Premises Liability. Specifically, Wyatt violated a duty or duties owed to Steward et. al. by:

(a) Failure to warn or give proper notice to Curtis Steward and other patrons, of the unreasonable risk of harm posed by an entire absence of security or protection of any kind on Defendant's premises;

(b) Failure to warn or give proper notice to Curtis Steward and other patrons, of the unreasonable risk of harm posed by known and preventable criminal activity on the premises;

(c) Failure to enact adequate safety or security policies or procedures, to protect Curtis Steward and other patrons, from a potential and unreasonable risk of harm;

(d) Failure to provide any security or safety precautions, and/or alternatively, adequate security or safety precautions, to reasonably protect or warn Curtis Steward and other patrons, from a known unreasonable risk of harm and/or inherently dangerous condition;

(e) Failure to retain, train, and/or provide adequately trained security personnel or law enforcement, despite the knowledge of significant, yet preventable criminal activity on the premises;

(f) Failing to act in a reasonably prudent manner to protect the safety and security of Curtis Steward and other patrons, once an unreasonable risk of harm, dangerous condition and/or activity was known; and

(g) Such further and other acts and omissions constituting negligence and gross negligence, as those terms are understood in law, as may be shown at the trial of this case.

*See Exhibit B*, Pages 3-6.

Please refer to Steward's Petition for the recitation of facts relevant to claims. *See Id. Pages 2-3*. Following the suit, Canopius Insurance hired Espey and Associates to file Defendant Wyatt's Original Answer in the underlying case. *See* Exhibit C. Defendant Wyatt continues to be represented by Espey and Associates.

## V.     ARGUMENTS AND AUTHORITIES

**a. Canopius owes Defendant Wyatt a duty to defend Defendant Wyatt from the claims asserted by Defendant Steward in the Underlying Action.**

Plaintiff seeks to avoid its duty to defend and indemnify from the claims asserted by Defendant Steward in the Underlying Action. "Texas law only considers the duty-to-indemnify question justiciable after the Underlying Action is concluded, unless 'the some reason negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Farmers Tex. County Mut. Ins. v. Griffing,* 955 S.W.2d 81, 84 (Tex. 1997) (emphasis in original).

Plaintiff contends that the duty to defend and the duty to indemnify should be negated for two reasons:

1. The insurance policy issued to Defendant Tom Wyatt did not have an exclusion for "assault and battery."

2. The insurance policy should be void ab initio due to alleged Material Misrepresentations of Tom Wyatt in his Insurance Application.

For the reasons, stated below, Plaintiff's Motion for Summary Judgment should be denied.

**1. Plaintiff Owes Defendant Wyatt a Duty to Defend Because Steward Makes Allegations Covered Under the Insurance Policy.**

In Texas, the question of whether the insurer owes a duty to defend is governed by the eight-corners rule, meaning the duty to defend is determined solely from the terms of the policy and the pleadings of the third-party claimant. *See Nautilus Ins. Co. v. Country Oaks Apartments, Ltd.*, 566 F.3d 452, 454 (5th Cir. 2009) (citing *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 307 (Tex. 2006)). The duty to defend is not dependent on the truth or falsity of the third-party's allegations. *See id*. If the third-party's allegations potentially support a covered claim, the insurer's duty to defend is invoked. *See id.*

In the Underlying Action, Steward alleges, among other things, that Defendant Wyatt:

(a) Failure to warn or give proper notice to Curtis Steward and other patrons, of the unreasonable risk of harm posed by an entire absence of security or protection of any kind on Defendant's premises;

(b) Failure to warn or give proper notice to Curtis Steward and other patrons, of the unreasonable risk of harm posed by known and preventable criminal activity on the premises;

(c) Failure to enact adequate safety or security policies or procedures, to protect Curtis Steward and other patrons, from a potential and unreasonable risk of harm;

(d) Failure to provide any security or safety precautions, and/or alternatively, adequate security or safety precautions, to reasonably protect or warn Curtis Steward and

    other patrons, from a known unreasonable risk of harm and/or inherently dangerous condition;

(e) Failure to retain, train, and/or provide adequately trained security personnel or law enforcement, despite the knowledge of significant, yet preventable criminal activity on the premises;

(f) Failing to act in a reasonably prudent manner to protect the safety and security of Curtis Steward and other patrons, once an unreasonable risk of harm, dangerous condition and/or activity was known; and

(g) Such further and other acts and omissions constituting negligence and gross negligence, as those terms are understood in law, as may be shown at the trial of this case.

*See Exhibit B*, Pages 3-6.

Such claims constitute allegations involving claims arising out of Defendant Wyatt's negligence in the shooting death of Curtis Steward III. Plaintiff incorrectly argues that all claims against Defendant Wyatt arise from an allegedly excluded event - assault and battery. Under the eight-corners rule, however, there is no exclusion to coverage. Accordingly, Defendant's Motion for Summary Judgment must be denied.

  2. **Plaintiff owes Defendant Wyatt a Duty to Defend Because the True Agreement Between the Parties Did Not Have an Assault and Battery Exclusion.**

For four years, Canopius issued an insurance policy to Tom Wyatt. For four years, the policy did not have an Assault and Battery Exclusion. For Four years, Canopius accepted Mr. Wyatt's insurance premiums. At no time, during the four years that Canopius reviewed the policies before they issued it did Canopius ever allege mutual mistake or scrivener's error. The reason is simple, the underlying agreement between Tom Wyatt and Canopius was the insurance policy. In fact, Tom Wyatt testified and continues to believe that the insurance policy he purchased provided coverage for the incident made the basis of the Underlying lawsuit. See Exhibit D, Page 70.

Specifically, Tom Wyatt, purchased insurance to provide coverage and insulate himself from personal liability for event occurring on his premises. *Id.*

```
                                  70
19  Mr. Wyatt, you -- when you purchased insurance for your club,
20  you did so because you wanted to make sure that you were
21  protected against any types of lawsuits, correct?

23     A.  Yes.

24     Q.  (BY MR. CROCKETT) And you purchased that insurance
25  because you didn't want to have to be liable for any lawsuits

                                  71
1   personally, correct?
2      A.  Yes.

4      Q.  (BY MR. CROCKETT) And Mr. Wyatt, you had purchased
5   that insurance because it was foreseeable that you might have
6   something happen on your property and you would want to be
7   protected against it, correct?

8      A.  Yes.
```

*Id.* at 70-71.

It was only after three men were shot and killed on Defendant Wyatt's property - and liability was absolutely clear against Defendant Wyatt - that Canopius alleged a scrivener's error or mutual mistake. After Tom Wyatt's deposition, Canopius turned to its Insurance Agent to disingenuously state that she represented Tom Wyatt's interests and not that of Canopius. *Id*. *See also* Plaintiff's Motion for Summary Judgment Para 20. Thankfully, the Texas Legislation foresaw the need to protect consumers from Insurance Company / Insurance Agent Improperly Colluding together to avoid liability by enacting Section 4001.051 of the Texas Insurance Code.

Section 4001.051 of the Texas Insurance Code provides:

**Acts Constituting Acting as Agent**

(a) This section applies regardless of whether applies regardless of whether an insurer is incorporated under the laws of this state or another state or a foreign government;

(b) Regardless of whether the act is done at the request of or by the employment of an insurer, broker, or other person, a person is the agent of the insurer for which the act is done or risk is taken for purposes of the liabilities, duties, requirements, and penalties provided by this title, Chapter 21, or a provision listed in Section 4001.009 if the person:

    a. Solicits insurance on behalf of the insurer;
    b. Receives or transmits other than on the person's own behalf an application for insurance or any insurance policy to or from the insurer;
    c. Advertises or otherwise gives notice that the person will receive or transmit an application for insurance or an insurance policy;
    d. Receives or transmits an insurance policy of the insurer;
    e. Examines or inspects a risk;
    f. Receives, collects, or transmits an insurance premium;
    g. Makes or forwards a diagram of a building;
    h. Takes any other action in making or consummation of an insurance contractor for or with the insurer other than on the person's own behalf; or
    i. Examines into, adjusts, or aids in adjusting a loss for or on behalf of the insurer.

*See* Section 4001.051 of the Texas Insurance Code.

Section 4001.052, goes on state:

**Solicitor of Application for Insurance Considered Agent of Insurer**

(a) A person who solicits an application for life, accident or health insurance or property or casualty insurance is considered the agent of the insurer issuing a policy on the application and not the agent of the insured in any controversy between the insurer and the insured, the insured's beneficiary, or the insured's dependents.
(b) The agent may not alter or waive a term of condition of the application or policy.

*See* Section 4001.052 of the Texas Insurance Code.

The purpose of these types of statutes is to make it as safe as possible for persons seeking insurance to deal with an insurance agent, with whom they ordinarily transact their business, as if they were dealing directly with the insurer itself. *See* 16 Appleman, Insurance Law and Practice (West 1981) Section 8671, pp.177-178. Because this matter involves a controversy between the insurer and Canopius admits Karen Morgan performed a number of acts – as identified in Section

4001.052 of the Texas Insurance Code – Karen Murphy is an agent of Canopius as a matter of law. See Exhibit E – Canopius Responses to Request for Admissions.

Accordingly there is no Mutual Mistake or Scrivener's error and the Court must Deny Plaintiff's request for Summary Judgment.

3. **Plaintiff owes Defendant Wyatt a Duty to Defend and Indemnify Because Canopius Waived Any Alleged Misrepresentations, Breach of Warranty or Prior Knowledge Defenses by Failing to Provide Statutory Notice**

In order to successfully deny a claim or rescind a policy based on a material misrepresentation made in the application for insurance, an insurer must prove that 1) a representation was made; 2) that was false; 3) with the intent on the part of the insured to deceive the insurer; 4) that was relied upon by the insurer; and 5) was material to the issuance of the policy. *Progressive County Mutual Ins. Co. v. Bowman*, 780 S.W.2d 436, 439 (Tex. App.—Texarkana 1989, no writ); *Shelton v. Union Bankers Ins. Co.*, 889 S.W.2d 278, 281-282 (Tex. 1994). In addition to these five elements, Section 705.005 of the Texas Insurance Code adds a sixth element to the insurance company's burden to deny a claim or rescind a policy. Specifically, this Section provides:

> (a) This section applies to any suit brought on an insurance policy issued or contracted for after June 29, 1903.
>
> (b) A defendant may use as a defense a misrepresentation made in the application for or in obtaining an insurance policy only if the defendant shows at trial that before the 91st day after the date the defendant discovered the falsity of the representation the defendant gave notice that the defendant refused to be bound by the policy:
>
>> a. To the insured, if living; or

> > b. To the owners or beneficiaries of the insurance policy, if the insured was deceased.
>
> (c) This section does not:
>
> > a. Make available as a defense an immaterial misrepresentation; or
> >
> > b. Affect the provisions of Section 705.004.

Tex. Ins. Code Section 705.005. In other words, if an insurer wants to rescind or deny the policy at issue, the insurer is required to give notice to the named beneficiary under the policy before the 91st day after the date the insurer discovered the falsity of the representation. *See Paramount Nat. Life Ins. Co. v. Williams*, 772 S.W.2d 255, 265 (Tex. App.—Houston [14th Dist] 1989, no writ); *Koral Ind. v. Security-Connecticut*, 788 S.W.2d 136, 148-149 (Tex. App.—Dallas 1990, writ denied). The Supreme Court of Texas has referred to this statutory notice requirements as "an essential element" of the insurer's misrepresentation claim. *Womack v. Allstate Ins. Co*. 296 S.W.2d 233, 235-236 (Tex. 1956) ("The record does not show, however, when respondent discovered the falsity of the representation, and it cannot be said that the notice was given within a reasonable time thereafter as required by the statute. Since one of the essential elements of respondent's defense based on misrepresentation was not properly predicated on that defense.") Meaning, if the insurer fails to timely comply with this notice provision, it is an absolute bar to the insurer's claims relating to any alleged misrepresentation.

Texas courts have further interpreted Section 705.005 to be consistent with the 90-day notice provision in Article 21.17. See Tex. Ins. Code, 52 Leg., R.S., ch. 491, Section 2(b), 1951 Tex. Gen. Laws 868, 1075 (repealed 2003). Moreover, Courts have held that lack of notice precludes not only Defendant's common law misrepresentation defense, but also any defense – such as breach of warranty or "prior knowledge" – that is "based upon misrepresentation made . .

. in obtaining" the policies. In actions involving both individual and corporate policyholders, Texas courts have required the insurer to prove "the date it discovered the falsity of the alleged misrepresentation and that within ninety days thereafter it gave the required notice of its refusal to be bound by the policy." *Nat'l Union Fire Ins. v. Hudson* Co., 780 S.W.2d 417, 425 (Tex. App.—Texarkana 1989, writ granted on other grounds)(emphasis added). *See also Koral*, 772 S.W.2d at 265. Furthermore, the notice must state that the insurer refuses to be bound by the policy. An interim notice that the insurer is investigating a potential misrepresentation is not enough. *See Nat'l Union Fire Ins*., 780 S.W.2d at 424-25.

Defendant's failure to meet elements 1-5, as well as, to provide the statutory notice is an absolute bar to the defense of misrepresentation, breach of warranty and prior knowledge. Accordingly, the Court must Deny Plaintiff's Motion for Summary Judgment.

## b. The issue of whether Canopius Owes a Duty to Indemnify Defendant Wyatt is not presently justiciable.

Generally, the issue of whether a duty to indemnify is owed is not justiciable until after the underlying liability case is resolved. See Nautilus Ins. Co. v. Country Oaks Apartments, Ltd., 566 F.3d 452, 458 (5th Cir. 2009). If an exclusion to the duty to defend would also preclude indemnity, courts are permitted to decide the duty to indemnify in advance of the underlying lawsuit's end. *See id.*

The Underlying Action has not been resolved. Further, Plaintiff has presented no evidence to satisfy its burden that any alleged exclusion even applies. Because the Underlying Action is still pending, Plaintiff owes Defendant Wyatt a duty to defend. The issue of whether Plaintiff must indemnify Defendant Wyatt is not presently justiciable.

Accordingly, Plaintiff's Motion for Summary Judgment should be denied.

VI.     **CONCLUSION**

In this case, the policy issued to Defendant Wyatt provided coverage for the claims asserted by Defendant Steward et. al. (negligence, gross negligence and premises liability). The policy issued to Defendant Wyatt did not have any exclusions for assault and battery. Plaintiff waived any defenses for alleged misrepresentations, breach of warranty and prior knowledge by failing to provide statutory notice. The duty to defend is not presently justiciable. Accordingly, Plaintiff's Motion for Summary Judgment should be denied.

Respectfully submitted,

By: _____
Brian H. Crockett
State Bar No. 24074094
Federal ID No. 1130809

**ATTORNEYS FOR DEFENDANTS DEBRA AND CURTIS STEWARD, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF CURTIS STEWARD III, AND KIMBERLY KIBBLE AS NEXT FRIEND OF C.S. AND L.S., MINORS**

**CROCKETT LAW, PC**
10565 KATY FWY, STE 400
HOUSTON, TEXAS 77024
713-779-3476
888-779-3237
BRIAN@CROCKETTLAWTX.COM

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record and/or registered agent, by constable, certified mail with return receipt requested, facsimile transmission, or hand delivery, in accordance with the T.R.C.P., on this the 1st day of July 2014.

Robbie Moehlmann
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027
713.877.1138 - Facsimile

Reginald McKamie, Sr.
1210 Antoine Drive
Houston, Texas 77055
713.465.2894 - Facsimile

*Brian H. Crockett*
_____
Brian H. Crockett